## No. 141

### FRANKLIN BOND & INV. CO. v. McFADDEN

No. 19393. Supreme Court

Error to Licking Common Pleas; on behalf of defendant in error. Dock. Nov. 4, 1925; 3 Abs. 674.

1025. REPLEVIN—In an action for replevin, where the affidavit in replevin is sworn to before the attorney for plaintiff, is a writ based thereon void?

229. CHATTEL MORTGAGES—Does failure to refile a chattel mortgage destroy mortgagee's lien as against a subsequent bona fide purchaser?

One Lewis Evans was the purchaser of a truck, a chattel mortgage of which he executed to the Horsch Motor Co., covering twelve notes and which was the same day assigned to the Franklin Bond & Investment Co.

In 1923, the truck became disabled and was abandoned by Evans; but the last five notes covered by the chattel mortgage being unpaid at maturity were taken up by five new ones dated one year later than the original notes and were made payable to the Bond Co. instead of the Motor Co. C. R. McFadden purchased the broken down truck from Evans in June, 1923, a bill of sale being made out in August. The truck was practically rebuilt by McFadden at an expense of $579.39, Evans having knowledge at the time that McFadden was placing such heavy expenses on the truck, but not disclosing to him the existence of its mortgage until the rebuilding had been completed.

The Bond Co., after repairs had been made by McFadden filed a petition in replevin in the Licking Common Pleas, seized the truck and within a short time sold it. McFadden set up a novation and a cross petition based upon fraud and estoppel on part of the Bond Co. for remaining silent while knowing that McFadden was rebuilding the truck and expending large sums of money in doing so.

The lower courts took the view that there was in law no affidavit of replevin, therefore no replevin proceeding; that the chattel mortgage was void because the notes secured had been extinguished by the new notes entirely different, and because the mortgage had not been refiled. It was held that possession was in McFadden by reason of having purchased the truck and having a lien thereon. The jury had submitted to it the question of the value of the truck.

The Bond Co. filed the case on a motion to certify, and McFadden, in the Supreme Court, against the motion, contends:

The notes secured by the mortgage had been superseded and extinguished at the time he bought the truck and rebuilt it; therefore there was no existing mortgage under the rule that a mortgage is only an incident to the notes which it secures. The last set of five notes are claimed to be different that the original five in that they had different dates of execution; different and extended maturity dates; different rates of interest and different payees. This, it is urged, constituted novation, and the new notes cancelled and extinguished the old.

It is claimed that there was no affidavit in replevin; that the alleged affidavit was sworn to before the attorney for the Bond Co. as notary public; and that a valid writ of replevin could not be issued thereon and the taking of the truck out of McFadden's possession was a nullity. It is further claimed that "the making of an affidavit in replevin before the attorney for the plaintiff as notary, renders the affidavit void; and a writ based upon such an affidavit must be dismissed.

It is further contended that since in the eyes of the law, the truck had never left McFadden's possession, he was entitled to the protection of the chattel mortgage statute applying to subsequent purchasers in good faith; and upon the expiration of the time for refiling as provided in 8565 GC., the lien of a delinquent mortgage will be void as against a purchaser in good faith who becomes such purchaser prior to the laches of the mortgagee.

Attorneys—Chas. S. Druggan and Paul R. Gingher, Columbus; and Fitzgibbon, Montgomery & Black, Newark, for Bond Co. Flory & Flory and C. G. L. Yearick, Newark, for McFadden.

## No. 142

### STATE v. TIPTON

No. 19566. Supreme Court

On motion to certify. Dock. Jan. 16, 1926; 4 Abs. 57.

129. BASTARDY—Where the mother of a bastard child names the father and specifically identifies the child, which is offered in evidence and exhibited to the jury to compare the features of the child with those of the father, may the Court of Appeals reverse the judgment of the Common Pleas rendered against the defendant on the ground that the verdict is against the weight of evidence when the child is not exhibited to the Appeals?

This action was brought originally in the Jefferson Common Pleas by the State of Ohio on complaint of Sarah Flohr against Doyle Tipton on the charge that Tipton was the father of a bastard child born to Flohr.

Flohr testified that she had been delivered of a bastard child and that Tipton was the father of said child. The child, after being identified was exhibited to the jury to compare the child's features with those of the alleged father's.

The jury returned a verdict against Tipton which was reversed by the Court of Appeals on the ground that the verdict was against the weight of evidence, the child not having been exhibited to the Appeals.

Flohr, in the Supreme Court, contends that under the case of Richard v. State, ex rel, 17 Circuit Court Reports (N.S.) pp. 51, 52 and 53, the Court of Appeals could not reverse the judgment of the Common Pleas because the child, "the most material and impressive evidence" is not in the record and was not exhibited to the Appeals.

Attorneys—Rogers & Cohen, for Flohr; J. K. George and E. D. Erskene, for Tipton; all of Steubenville.

Note—A case holding that requiring of defendant to stand while exhibiting bastard child to jury was not prejudicial error; will be found in 3 Abs. 253.